-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS GERALD, 12-R-3282,

    Plaintiff,

-v-

    DECISION AND ORDER
    12-CV-1181Sc

LAKEVIEW SHOCK INCARCERATION CORR. FAC.,

    Defendant.

---

## INTRODUCTION

Plaintiff Thomas Gerald, currently an inmate of the Gouverneur Correctional Facility proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Docket No. 1), a motion for leave to proceed *in forma pauperis*. (Docket No. 5) and a motion for the appointment of counsel (Docket No. 3). Before completion of the Court's review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff filed a motion to withdraw the action (Docket No. 7), which was granted by the Hon. John T. Curtin on June 5, 2013 (Docket No. 8). Plaintiff subsequently filed a letter motion requesting that the case be reopened. (Docket No. 9).

Plaintiff's motion to reopen is granted. Because plaintiff's filings satisfy the requirements of 28 U.S.C. § 1915, the motion for leave to proceed *in forma pauperis* is granted. For the reasons set forth below, plaintiff's claim against the sole defendant named in the complaint is dismissed, but plaintiff will be granted leave to file an amended complaint.

## **STANDARD OF REVIEW**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks

and citation omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*; "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.' " *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

Based on its evaluation of the complaint, the Court finds that plaintiff's claim must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii), (iii) . As explained below, however, plaintiff will be granted leave to file an amended complaint.

3

## DISCUSSION

Plaintiff alleges that while he was an inmate of the Lakeview Shock Incarceration Correctional Facility ("Lakeview") in November, 2012, he was forced to eat peanut butter under threat from "drill instructors" despite his having indicated that he was allergic to it. Plaintiff asserts that he was told "There [sic] number one rule is eat what's on your tray." As a result, he further alleges that he suffered a severe allergic reaction, respiration-related ("my throat was closing"), for which he had to be treated on an emergency basis at Brooks Hospital, where he was informed that he could have died from the reaction.

While plaintiff does not specify the constitutional claim he is asserting, the Court finds that his allegations would appear to be sufficient to state an Eighth Amendment claim. *See, e.g. Ybarra v. Meador*, 427 Fed. Appx. 325 (5th Cir. 2011) (prisoner's allegations that he was served meals containing peanut butter or tuna, to which he was allergic, were sufficient to state an Eighth Amendment claim).

Plaintiff's claim cannot proceed as pleaded, however, for the sole defendant named in the complaint–Lakeview–is immune from suit under 42 U.S.C. § 1983. The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057-58, 57 L. Ed. 2d 1114 (1978). "An official arm of the state," such as the New York State Department of Corrections and Community Supervision and the Lakeview Shock Incarceration Correctional Facility, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). *See also Woods v. Rondout Valley Cent. School Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (Eleventh Amendment immunity extends to

"state agents and [*5] state instrumentalities that are, effectively, arms of a state.") (internal quotation marks and citations omitted); *Simmons v. Gowanda Corr.* Facility, 2013 U.S. Dist. LEXIS 92926, at *4-5 (W.D.N.Y. July 1, 2013) (claim against Gowanda Correctional Facility barred by Eleventh Amendment immunity) *Saxon v. Attica Medical Dept.*, 468 F.Supp.2d 480, 484 (W.D.N.Y.2007) (claims against Attica Medical Department are barred by Eleventh Amendment immunity). Accordingly, plaintiff's complaint against Lakeview fails to state a claim against a defendant amenable to suit and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Since, however, plaintiff's allegations, as summarized above, indicate that a valid § 1983 claim might be stated against individual Lakeview officials or staff who are not immune from suit, the Court will grant plaintiff leave to amend the complaint so as to assert his claim against any "drill instructor" or other facility official who plaintiff claims made him consume peanut butter. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, must provide a short, plain statement of claim against each defendant named so that he has adequate notice of the claims against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678,129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertion[s] devoid of further factual enhancement" will not suffice. *Id.* (quotation marks omitted) (alternation in original). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite

to an award of damages under §1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).

In amending his complaint, plaintiff should thus specifically identify the Lakeview official who is alleged to have made him eat peanut butter or who threatened him in that regard. If plaintiff does not know the name or names of such individual(s), he can refer to them by their title or position, and provide whatever description may assist in identifying them. Plaintiff might be able to do so by, for example, providing a physical description of the defendant; a description of the function that that person performed and the specific date, time and place at which he or she performed it. Plaintiff can, if need be, refer to a defendant as an enumerated "Doe" defendant (for example, "Drill Instructor John Doe # 1"), but if he does so, he must describe each Doe defendant with sufficient particularity to permit service of the pleading upon that defendant.

## CONCLUSION

Plaintiff's motion to reopen this action is granted. Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. Plaintiff's motion for the appointment of counsel is denied without prejudice as premature. For the reasons set forth above, plaintiff's claim against Lakeview is dismissed, and plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **February 17, 2014** in which he names as a defendant or defendants any official or employee of Lakeview who he alleges violated his rights with respect to the incident in question. The amended complaint must include the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations either against each of the defendants named therein and regarding the claims he is permitted to raise in this amended complaint, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to reopen this action is granted;

FURTHER, that plaintiff's application to proceed in forma pauperis is granted;

FURTHER, that plaintiff's motion for the appointment of counsel is denied without prejudice;

FURTHER, that plaintiff's claim against Lakeview Shock Incarceration Corr. Fac is dismissed;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **February 17, 2014**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **February 17, 2014**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **February 17, 2014**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by date, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal in forma pauperis should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: JAN. 21, 2014
Rochester, New York

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge