UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



THOMAS GERALD, 12-R-3282,

    Plaintiff,

-v-

**DECISION AND ORDER**
12-CV-1181Sc

DRILL INSTRUCTORS and
DRILL INSTRUCTOR GEARHEART,

    Defendants.

## INTRODUCTION

By Order filed January 22, 2014 ("January 22 Order"), the Court (Hon. Charles J. Siragusa) granted plaintiff's motion for leave to proceed *in forma pauperis*, dismissed his Eighth Amendment claim against Lakeview Shock Incarceration Correctional Facility ("Lakeview"), the sole defendant named in his complaint, and granted him leave to file an amended complaint, naming or otherwise identifying any individual corrections officials at Lakewood who allegedly made him eat peanut butter, to which is allergic, thereby causing a severe allergic reaction and his resulting hospitalization. (Docket No. 11).

Plaintiff's timely filed amended complaint names as defendants Drill Instructor Gearheart and other "drill instructors" and alleges that they forced him to eat peanut butter on November 9, 2012, despite his having informed them that he was allergic to it, which, as noted, prompted an allergic reaction necessitating emergency

medical treatment. As determined in the February 22 Order, plaintiff's allegations are sufficient to state an Eighth Amendment claim (Docket No. 11 at 4), which may proceed against defendant Drill Instructor Gearheart.

As noted, the amended complaint names additional "drill instructors" as defendants, but plaintiff fails, contrary to the instructions set forth in the February 22 Order (*id.* at 6) to provide any information with respect to such drill instructors that would permit their identification so the Court could direct service upon them. The Court therefore directs that the identification of the "drill instructor" defendants may be achieved through discovery following service of the complaint upon the sole named defendant in this action.[1] See *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) ("Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery.") (citations omitted); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds") (citations omitted).

If plaintiff cannot identify the "drill instructor" defendants through discovery, the

---

[1] Plaintiff is advised that the statute of limitations for actions filed under 42 U.S.C. § 1983 is three years, *Owens v. Okure*, 488 U.S. 235, 251 (1989), and he will have to name the unidentified defendants and move to add them to this action within that time period. See *Tapia- Oritz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) ("[E]ven when a suit is brought by a *pro se* litigant, and amended complaint adding new defendants cannot relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.") (citing *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *opinion amended*, 74 F.3d 1366 (2d Cir. 1966)).

claims against them shall be dismissed. See Jenkins v. Kruppner, 2007 U.S. Dist. Lexis 78625, at *10 (W.D.N.Y. 2007).

## ORDER

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint (Docket No. 12), and this Order upon the defendant Drill Instructor Gearheart without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.[2]

The Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendant is directed to answer the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: July 7, 2014

---

[2]Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12 ( a) - ( b) , if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

3